UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDUSTRIAL TECHNOLOGY RESEARCH INSTITUTE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LG CORPORATION, et al.,<br><br>　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 12-CV-393-IEG (JMA)<br><br>**ORDER REGARDING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br>**[Doc. No. 220]** |

Presently before the Court is a joint motion for determination of discovery dispute in which Defendants LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG Electronics MobileComm U.S.A., Inc. (collectively "LG") seek an order compelling Plaintiff Industrial Technology Research Institute ("ITRI") to make Taiwanese citizen Jyh-Wen Sheen ("Sheen"), an inventor of U.S. Patent No. 6,459,413 ("the '413 patent"), available to sit for a deposition in the United States. For the reasons set forth below, LG's request is **GRANTED**.

//

//

//

**A.      Mr. Sheen Has a Contractual Obligation to Testify in this Case**

Courts have previously been called upon to address disputes over whether an agreement in which a non-U.S. resident inventor assigns patent rights to a business entity that subsequently becomes involved in patent enforcement litigation obligates the inventor to appear in the United States for a deposition in connection with the patent litigation.  "These cases have been attentive to the specific facts, and in particular the specific language of the agreements with the inventors, presented in each case." Aerocrine AB v. Apieron Inc., 267 F.R.D. 105, 109 (D. Del. 2010).  Here, Jyh-Wen Sheen of Hsinchu, Taiwan agreed to the following on December 18, 2000 when he and fellow inventor Wen-Jen Tseng assigned to ITRI all rights to their invention, "Multi-Frequency Band Antenna," for which an application for a U.S. patent was then pending:[1]

> [Sheen] hereby agrees to execute any documents that legally may be required in connection with the filing, prosecution and maintenance of said application or any other patent application(s) in the United States for said invention . . . . **[Sheen] also agrees, without further consideration and at [ITRI's] expense,** to identify and communicate to [ITRI] at [ITRI's] request documents and information concerning the invention that are within [Sheen's] possession or control, and **to provide further assurances and testimony on behalf of [ITRI] that lawfully may be required of [Sheen] in respect of [sic] the** prosecution, maintenance and **defense of any** patent application or **patent encompassed within the terms of this instrument**.

Woodworth Decl., Ex. A [Doc. No. 220-1 at 12] (emphases added) (hereafter "Assignment").

Courts interpreting assignment agreements containing similar language have required the foreign inventor to sit for a deposition in connection with litigation over the patent.  See Murata Mfg. Co. v. Bel Fuse, Inc., 242 F.R.D. 470, 478-80 (N.D. Ill. 2007) (finding agreement that "said assignors will, whenever counsel of . . . [Murata] . . . shall advise that . . . any proceeding in connection with [the subject patent] in any country . . . is lawful and desirable . . . take all lawful oaths, and do all acts necessary or required to be done for the . . . enforcement and defense of [the patent]" gave Murata the contractual power to require the inventor to sit for a deposition); Aerocrine, 267 F.R.D.

---

[1] The application resulted in the issuance of the '413 patent on October 1, 2002.

at 111-12 (finding assignment agreement specifically contemplated the provision of testimony for purposes of enforcing patent rights in the United States); Minebea Co., Ltd. v. Papst, 370 F. Supp. 2d 302, 308-09 (D.D.C. 2005) (holding that assignment agreements contained express agreements by the assignor inventors to provide testimony at the request of the assignee patent holder).

Although, as ITRI observes, the assignment agreement does not state that Sheen shall testify "in *any* legal proceeding," as the agreements in Aerocrine, Minebea, and other cases required, the Court nonetheless finds that Sheen is *lawfully required* under the Federal Rules of Civil Procedure and pursuant to his contractual obligation to testify *in defense of* the '413 patent. See Assignment. As for ITRI's argument that Mr. Sheen is not "lawfully . . . required" to provide such testimony in this case because LG has the burden of proof on its counterclaim for a declaratory judgment of invalidity, and thus there is no lawful requirement that Sheen testify to defend the validity of the '413 patent, this is too narrow an interpretation of the language in the assignment agreement. His testimony is clearly relevant on the issue of validity, irrespective of which party has the burden of proof on this claim. Moreover, it matters not, under the authorities cited above, that the assignment agreement does not contain the word "deposition"; rather, a testimonial obligation can be conferred by the use of the words "testify," "testimony," or an even less-specific obligation in the assignment agreement. See Aerocrine, 267 F.R.D. at 111 ("testify"); Minebea, 370 F. Supp. 2d at 308 ("testify"); Murata, 242 F.R.D. at 478 ("take all lawful oaths, and do all acts necessary"); see also Amgen, 2007 WL 1425854, at *1 ("testimony").

Finally, the Court observes that although the language in Mr. Sheen's assignment agreement about his testimonial obligation is more specific than the broader language in the above cases, it is certainly more compelling than the language contained in other agreements in which courts have not found such a testimonial obligation. See, e.g., Minebea, 370 F. Supp. 2d at 308 (finding no testimonial obligation in assignment agreement in which there was no express agreement to provide

testimony); Aerocrine, 267 F.R.D. at 111 (same). Therefore, based on the foregoing persuasive authorities, the Court finds the language in Sheen's assignment agreement obligates him to sit for a deposition in this case, and provides ITRI the contractual power to require Sheen to do so.

**B.     Notice of the Deposition**

ITRI argues that a deposition notice under Rule 30 of the Federal Rules of Civil Procedure cannot be used to compel Sheen to involuntarily testify. Mr. Sheen has not been employed by ITRI since 2001 and is not, and was not, an officer, director, or managing agent of ITRI (see Fed. R. Civ. P. 30(b)(6)), leaving the applicability of Rule 30 in question. Normally, one would turn to the subpoena powers of Rule 45 in such an instance. Rule 45, however, does not contain a provision for serving a subpoena on a resident of a foreign country; rather, it only addresses serving a U.S. national or resident in a foreign country. Fed. R. Civ. P. 45(b)(3). Under Amgen, "the analysis of whether the court should require the inventor[']s appearance does not end at [Rule 30 and Rule 45 as] [e]ach inventor executed an assignment."). Amgen, 2007 WL 1425854, at *2. It is the assignment agreement that confers the ability to compel Mr. Sheen to sit for a deposition upon ITRI's request, and thus this Court finds that LG sufficiently placed ITRI on notice of its intent to depose Mr. Sheen by serving a notice of deposition under Rule 30.

**C.     Location of the Deposition**

The Court must next consider whether the deposition should take place in the United States, Taiwan, or another location. The courts in Minebea, Aerocrine, and Amgen required foreign-based inventors to be produced for deposition in the United States. See Minebea, 370 F. Supp. 2d at 308; Aerocrine, 267 F.R.D. at 111-12; Amgen, 2007 WL 1425854 at *3. Conversely, the courts in Yaskawa and Murata found that although the non-U.S. resident inventors had a contractual obligation to be deposed, they were not required to travel to the United States for their depositions. Yaskawa, 201 F.R.D. at 444; Murata, 242 F.R.D. at 480. Here, the assignment was

made for the express purpose of ITRI's acquiring "the entire right, title and interest" in the invention "in the United States," not any other country. See Assignment. It is clear that the assignment agreement was entered into for the specific purpose of ITRI obtaining the patent in the U.S. and protecting its patent rights here. The Court therefore finds that ITRI has the ability to compel Sheen to appear in the United States to provide testimony at its request.

**D.    ITRI's Efforts to Cooperate**

ITRI has tried to cooperate with LG's efforts to secure Sheen's deposition by providing LG with Sheen's last known address and by contacting Sheen on three occasions to ask him to sit for a deposition. It has not yet done enough, however. Based on the record before the Court, ITRI employees called Sheen on October 4, 2012 and October 29, 2012 to "request that he assist ITRI with this lawsuit by agreeing to be deposed regarding U.S. Patent No. 6,459,413." Chiu Decl., ¶ 2 [Doc. No. 220-3 at 3]; Chen-Chang Decl., ¶ 2 [Doc. No. 220-4 at 3]. Additionally, Christopher Evans, Esq., counsel for ITRI, emailed Sheen on October 29, 2012 to ask that he reconsider his refusal to sit for a deposition. Evans Decl., ¶ 8 & Ex.3. The email states:

> I am writing to ask you to reconsider your position and agree to be deposed in Taiwan. My firm will represent you at the deposition and prepare you ahead of time and you will be compensated for the time you spend as a witness. Other former ITRI employees have agreed to be deposed in Taiwan under similar circumstances. Please help defend the intellectual property you created at ITRI.

Id., Ex. 3. Notably, the email makes no mention of Sheen's *contractual obligation* to testify regarding the '413 patent. Moreover, ITRI has provided no information as to whether the ITRI employees who contacted Sheen were employees of sufficient title and influence to persuade Sheen to testify. ITRI, which is in the position to compel Mr. Sheen to appear for a deposition based on his contractual commitment to do so, must undertake more persuasive measures to convince him to testify, including, for example, reminding him of his contractual obligation, advising him of any consequences of breaching his contract if he fails to do so, and informing him of this Court's order. Even

if ITRI is reluctant to actually file suit against Mr. Sheen, the prospect of litigation against him by ITRI could not easily be ignored by Sheen.

**E.     Other Alternatives**

The Court is mindful that it has not had the opportunity to fully consider Mr. Sheen's opposition to being deposed, and that it is possible that traveling to the U.S. will create an undue hardship for him or may even be impossible.  There is no dispute Sheen's testimony is relevant to the case, and the failure to secure his testimony pursuant to the assignment agreement would not present an ideal circumstance for either side.  For ITRI, it could possibly result in consequences under Fed. R. Civ. P. 37, including evidence preclusion sanctions at trial.  For LG, it would leave as the next best option for securing Sheen's testimony a letter of request through Taiwanese channels which would not only take a long time, but even if issued, would result in an examination by the court in Taiwan on the basis of written questions, not an American-style deposition.  See U.S. Department of State, Taiwan Judicial Assistance, http://travel.state.gov/law/judicial/judicial_669.html (last visited Dec. 3, 2012). Therefore, both sides should consider other possible alternatives to accommodate Mr. Sheen should he remain uncooperative, including having counsel travel to Taiwan to take the deposition, taking a deposition by video or other remote means under Fed. R. Civ. P. 30(b)(4), or perhaps stipulating that neither side will rely upon evidence relating to Sheen.

**F.     Conclusion**

LG's request for an order compelling ITRI to make Jyh-Wen Sheen available to sit for a deposition in the United States is **GRANTED**.  ITRI shall undertake more persuasive measures to ensure Sheen's compliance with his contractual obligation to testify, and shall produce Sheen for a deposition in the United States at its own expense, as provided for by the assignment agreement.  Notwithstanding this ruling, given that the Court is able only to compel ITRI to make Mr. Sheen available for deposition, and that Mr. Sheen, a non-party foreign resident, is not himself subject to

the Court's jurisdiction, the Court encourages the parties to cooperate with each other and to make any necessary accommodations for the witness in order to obtain a result that is satisfactory to both sides.  This order does not foreclose LG from seeking a letter of request under Fed. R. Civ. P. 28(b) or pursuing other alternative means to secure some form of testimony from Mr. Sheen.

**IT IS SO ORDERED.**

DATED:  December 4, 2012

Jan M. Adler
U.S. Magistrate Judge